## STATE v. SANDIFER.

ESTOPPEL—RES JUDICATA—OFFICIAL BONDS—SURETIES.—Where the State sues the sureties on a certain official bond for specific breach, enters judgment for that but not for penalty, and that amount is paid, it cannot afterwards sue same sureties on previous bonds for breaches overlooked when first suit was brought.

Before J. E. McDONALD, special J., Barnwell, May, 1903. Affirmed.

Action by State against P. W. Sandifer, C. B. Free, S. G. Mayfield, Geo. W. Peacock and Leda R. Mayfield. Upon the defenses of estoppel and statute of limitations, the Circuit Judge said:

"As I understand it, gentlemen, this former action that resulted in the judgment here was in the name of the State

against the identical and same parties, with the exception of Mrs. Mayfield. I may state, before rendering the decision, that the counsel for defendants, who did not interpose this plea of limitation and plea of estoppel by former judgment, asked leave to amend their answers, and believing it would be the furtherance of justice that the amendments be made, I will allow the amendments, and will sign an order to that effect later.

"The action here is brought by the State of South Carolina against certain sureties, who are bondsmen of Allen F. Free, late treasurer of Barnwell County. In the complaint it is alleged that he gave three separate bonds, covering the three terms of his office as treasurer, the dates of the bonds being set forth in the complaint, and various breaches of the respective bonds are alleged during the three terms set forth in the complaint. The answer of the defendants set up several defenses, the principal defense being, however, the plea of the statute of limitations to all of the breaches of the bonds, except as to the last one; and also the plaintiff is estopped by judgment rendered in a former action between the same parties, with the exception of Mrs. Mayfield, who is made party in the present action, who is an heir at law of one of the deceased sureties, who was a defendant in the former suit. First, as to the statute of limitations, it seems to me that under the doctrine of *nulum tempus occurit regi* the statute of limitations cannot be pleaded against the State, except in an action brought for the recovery of land, and in that kind of action there is a special provision of the Code. The general doctrine of the common law is that no statute of limitations can be pleaded against the State. I overrule the plea of limitations.

"As to estoppel by former judgment, I am not so sure and have some doubt, but believe that plea should be sustained. The liability was a continuing one, and the sureties who were sued in this case and who were sued in the former action were liable for all breaches for all of the bonds at the time he went out of office. I think all of these matters are included

in the other case, and I think they are good as to the plea of estoppel, and should be allowed, and sustain the motion; I think it is proper to dismiss the complaint."

The Court thereupon made the following order:

"The defense of the bar of the statute of limitations and estoppel by judgment in a former action came up as preliminary issues in this case. After hearing argument, I am of the opinion that the statute does not apply, the State being protected by the doctrine of *nulum tempus occurit regi;* this plea is, therefore, overruled. As to the plea of estoppel, I think it should be allowed, and is a bar to the action. This without prejudice to any rights under the former judgment.

"It is, therefore, ordered, that the complaint be, and hereby is, dismissed."

From the judgment entered thereon the plaintiff appeals on the following exceptions:

"1. That his Honor, the presiding Judge, erred in holding and concluding: That the matters here complained of— breaches occurring under the official bonds of the county treasurer, given on January 20th, 1891, January 3d, 1893, and March 13th, 1895—were included in the former action brought to recover for breaches occurring under other official bonds of the same officer, subsequently given on February 26th, 1897, and February 8th, 1899, and that the plaintiff is estopped by the recovery of the judgment in the former action from maintaining this action.

"2. That his Honor, the presiding Judge, erred in not holding and concluding that the causes of action in this action was different from the causes of action in the former action of the State *v.* E. M. Kennerly *et al.,* and in not concluding that the plaintiff's right to maintain this action is unaffected by said former action on different causes of action."

*Assistant Attorney General Townsend,* for appellant, cites:

5 Rich. Eq., 241; Mur. on Of. Bonds, 722, 794; 10 Am St. R., 847; 20 S. C., 465; 52 S. C., 174; 94 U. S., 351; 37 Pac. R., 351; 56 Pac. R., 264; 19 Ency., 2 ed., 189; 30 S. C., 343.

·*Messrs. J. O. Patterson, Izlar Bros.* and *Jno. R. Bellinger,* contra. The latter cites: 18 'S. C., 312; 20 S. C., 465; 30 S. C., 447; 4 Rich. Eq., 60; 30 S. C., 43.

·March 11, 1904. The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE. This action was commenced in the Court of Common Pleas for Barnwell County, in this State, on the 4th day of September, 1901, and came on for trial at an extra term of said Court before the Hon. J. E. McDonald, as special Judge, on the 5th May, 1903. The complaint set out three causes of action——each cause of action being bottomed upon breaches of the bonds of Allen F. Free, deceased, as county treasurer of Barnwell County, with these defendants as sureties thereto. The first bond was dated 20th January, 1891; the second bond was dated the 3d day of January, 1893; and the third bond was dated      day of January, 1895; and each of said bonds was in the penal sum of $20,000, and conditioned that if the said Allen F. Free, as county treasurer of Barnwell County, should and ever and truly perform the duties of said office, as thereafter required by law, during the whole period he might continue in office, then the above obligation should be void and of no effect, or else should remain in full force and virtue. The term of office of said Allen F. Free ran from January, 1891, to January, 1897. That at the annual settlements made by the comptroller general of this State with the said Allen F. Free, as said county treasurer, the sum of $66.91 was allowed the said Allen F. Free as a credit on his account, because the said sum of $66.91 escaped the detection and correction by the comptroller general, and which said sum has never been paid out nor accounted for by said Allen F. Free, said county

treasurer. This sum of $66.91 is the basis of the first action. Further, at the annual settlements made by the comptroller general with the said Allen F. Free, as said county treasurer, the comptroller general in his annual settlements with said Allen F. Free, as said treasurer, in the years 1893 and 1894, allowed the said county treasurer credit through the failure of the comptroller general to detect and correct errors, sums aggregating $929.35, which is the basis of the second cause of action. And further, because on the annual settlements of said county treasurer and the comptroller general on the 28th June, 1895, and on the     day of 1896, errors amounting in the aggregate to $1,347.17 were allowed, because the comptroller general failed to detect and correct the same. This is the basis for the third cause of action. Demand is for judgment for $60,000, the penalties in the aggregate for the three bonds against these defendants.

The answers of the defendants set up the plea of the statute of limitations, and also that another action by the plaintiff was heretofore brought in the Court of Common Pleas for Barnwell County against these defendants, as sureties on the three bonds set up in the complaint, each bond being in the penalty of $20,000, and was prosecuted to final judgment in favor of the plaintiff herein against these defendants.

At the hearing, it having been agreed that the matter of estoppel by reason of the former action and judgment between the plaintiff and these defendants should be first determined, the first judgment was produced in Court, showing that the plaintiff had recovered a judgment against these defendants for the three bonds sued on in the present action, because of breaches of said bonds, the sum of $8,140.64, which sum had been actually paid to the plaintiff. It should be stated, also, that Mrs. Lida K. Mayfield was a privy of her mother, Mrs. E. M. Kennerly, a widow, who departed this life after the foregoing judgment—she being her only child, and inherited her whole estate, amounting to $20,000, without administration.

His Honor, J. E. McDonald, sustained the plea of estoppel, and by his decree ordered the complaint dismissed, but refused to sustain the statute of limitations. Let this decree of special Judge McDonald be reported and also the exceptions. The plaintiff appeals from this decree on the question of estoppel, though he presents his objections in two forms.

We do not think there can be any question as to the soundness of the decree of the Circuit Judge. While we admit that under the decisions of *State* v. *Moses,* 18 S. C., at page 373, it was the duty of the plaintiff, in its first action against these sureties of Allen F. Free, as county treasurer of Barnwell County, because of breaches of his official bonds, to have entered up judgment against these sureties as defendants in the penalty of the last bond, yet the State, as plaintiff, entered its judgment for the actual breaches of the bond, to wit: the sum of $8,140.64, and this Court has repeatedly held that such judgments, unappealed from, was the law between those parties and their privies. The plaintiff, the State of South Carolina, has actually collected every dollar due to it under that judgment. Now, is the State estopped from any action on those bonds, because of breaches thereof? As we have before remarked, we think and hold that the State, as plaintiff, is estopped. Lord Coke said: "Touching estoppels, which are a curious and excellent sort of learning, it is to be observed that there be three kinds of estoppel, viz: by matter of record, by matter of writing and by matter in *pais.*" The ground of holding a matter of record to act as an estoppel is, that a record imports such absolute verity that no person against whom it is producible shall be permitted to impeach it. Page 804 of Smith's Leading Cases makes this statement, quoting Lord Tenterden: "The authorities are clear that a party cannot be received to aver as error in fact a matter contrary to the record. In Just, 260, Lord Coke says: 'The rolls, the records or memorials of the Judges of the Courts of record import in them such uncontrollable credit and verity as they admit of no averment, plea or proof to the contrary * * *' "

14—68

It should be recalled, in passing, that this very Lord Coke, in defining estoppel, quaintly said : "An estoppel is where a man is concluded by his own act or acceptance to say the truth." Very much of the learning on the subject of estoppel will be found by those anxious to look fully into it, by consulting pages 798 *et seq.* of Smith's Leading Cases. Our own case of *Spoon* v. *Smith,* 36 S. C., 588, refers to the conclusiveness of a judgment against the parties thereto. All these rules are based upon considerations which appeal to all men interested in upholding the law and right. Grant that sureties are liable to respond for losses occasioned by the breaches of bonds which they have signed, yet when the obligee of a bond has instituted an action to collect for its breaches, it is his duty to bring forward in that action all the breaches for which he wishes judgment. It will not do to allow him to sue and get judgment against the sureties this year, collect the judgment, then the next year, or the next, or the next, to sue the same parties because he overlooked some breaches. There should be an end of litigation. This plaintiff has sued and obtained judgment against these very sureties, they have paid such judgment, now the plaintiff seeks to sue again for breaches of these very bonds.

Again, it is suggested that possibly only the last two bonds were sued. Any funds in the hands of Allen F. Free under the first bond were lawfully in his hands under the second bond, and were, therefore, included in the first suit.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.

MR. JUSTICE WOODS, *dissenting.* I am unable to concur in the opinion of the Chief Justice. This is an action by the State on three official bonds of A. F. Free, as treasurer of Barnwell County. The defenses before this Court are estoppel by former judgment and the statute of limitations. A judgment was heretofore obtained against the same parties, except Peacock, on two other official bonds of Free, both given after the bonds involved in this suit. The plea

of estoppel is based on this judgment. It is not claimed that the defaults here alleged under the bonds in suit in this case were actually set up in the suit on the later bonds from which the former judgment resulted, but only that they might have been set up. In the former suit the judgment was not entered for the penalty of the bonds, but for the actual supposed default under them. It is true, in that suit on the last two bonds judgment might have been entered for the entire penalty, under which all claimants might have proven their demands, and it is also true that the sureties on those bonds were liable for continuing defaults standing against the treasurer when they were given. But sureties on the bonds in force when the default first occurred are also liable. *State* v. *Moses,* 18 S. C., 372. We know of no rule of law which requires the State to sue all the bonds in one action. Even if judgment had been entered for the entire penalty on the last two bonds in the former suit, the State could still have sued the first three bonds, for they were not annulled by the giving of the last two bonds, nor merged in any judgment recovered on them.

The vice in the argument of the respondent is in assuming that the State could not elect to collect actual defaults occurring under the first three bonds by suit on those three bonds, even after judgment on the last two. If an official bond is not nullified by the giving of a subsequent bond or merged in the new bond, then it is not for the sureties to say that the State as an injured party may not sue the first bonds for a default occurring under it, because the State has either from choice or mistake not proved its claim in a suit on the last, when it might have done so.

If the sureties were the same on all the bonds, we do not see how that could be any reason for denying to the State the right to enter judgment for the penalties of all the bonds in one action or several; but in this case the sureties are not all the same, and cases may arise where it would be of the utmost practical importance to enter a separate judgment for the penalty of each bond in a separate action. I can discover

no principle upon which the right to do so can be denied. The period of limitation of an official bond is twenty years, and this action is, therefore, not barred by the statute.

I think the judgment of the Circuit Court should be reversed.