### 7955

### STATE v. EDWARDS.

1. SURETIES—COUNTY TREASURER.—That the public officers charged by law with making annual settlements with the county treasurers fail to do their duty, cannot avail the sureties on a county treasurer's bond in suit by State against him and them on breach of the bond.
2. OFFICERS.—Where an officer has held one office for two or more successive terms and there is a defalcation, the presumption is it occurred during the last term.
3. COUNTY TREASURER—EVIDENCE.—After the county treasurer has receipted the county auditor for the tax duplicate in the usual form, he cannot be heard to say the tax duplicate contains errors.

Before GAGE, J., Berkeley, March, 1910. Affirmed.

Action by the State against Jno. O. Edwards, S. L. Crawford, W. F. Lanier and Frank Read. Defendants appeal.

*Messrs. Mordecai & Gadsden, Rutledge* and *Hagood* and *Wm. A. Holman,* for appellants, cite: *Second defense should not have been stricken out.* State v. Sandifer, 68 S. C. *State should show default occurred during time for which the defendants are bound:* 1 McC. 41; 2 Hill *589; 14 S. C. 135; 22 Stat. 744. *Sureties not estopped by receipt given by treasurer:* 69 S. C. 300; 57 S. C. 124; 14 S. C. 7; 37 S. C. 174.

*Attorney General J. Fraser Lyon,* contra, cites: *The second defense. was properly stricken out:* 106 U. S. 437; 30 Grat. 218; 9 Wheat. 720; 11 Id. 184; 12 Id. 505; 1 Pet. 318; 18 Wall. 662; 7 Johns 331; 14 Wend. 165; 62 N. Y. 88; 64 N. Y. 385; 22 Penn. St. 211; 59 Id. 356; 10 East 34; 13 L. R. Eq. 450; 7 L. R. Q. B. 666; 8 Id. Court of Ex. 73; 25 Gratt. 771; 40 Mo. 217. *Officer is presumed to have on hand funds with which he is chargeable:* 29 Cyc. 1469; 17 How. 437; 18 S. C. 372; 80 Am. St. R. 271; 44 Or. 21. *Treasurer by receipting for tax duplicate and collecting taxes thereunder, estopped himself from saying it was not correct:* 16 Cyc. 772, 785-6; 59 Ala. 121; 1 Green., secs. 82-4; 16 Minn. 93; 2 Desty on Tax. 1034; 47 Mo. 443; 77 Md. 461.

July 7, 1911.    The opinion of the Court was delivered by

MR. JUSTICE HYDRICK.    The complaint alleges that John O. Edwards was appointed treasurer of Berkeley county, and, on February 27, 1907, gave bond, as required by law, with the other defendants as sureties, and was thereafter commissioned and assumed the duties of the office; that he was removed from office in January, 1908, and failed to turn over to his successor $5,596.23 of the funds in his hands as treasurer.    Judgment was demanded, as for a breach of the bond, for the penalty thereof.    The allegations of the complaint were admitted, except those as to the breach of the condition of the bond, which were denied.    The sureties set up the further defense that

Edwards had been treasurer for several terms, before that upon which he entered, when the bond sued on was given, and had given other bonds for the faithful performance of the duties of the office during said terms; that they were discharged from liability on the bond sued on, because the plaintiff, through its officers, failed to discharge the duty imposed by law of making annual settlements with Edwards, as treasurer, and of having the same witnessed and his accounts checked and verified by the Comptroller General, the county auditor and the foreman of the grand jury, as required by statute, which, if it had been done, would have prevented any breach of the bond sued on, or of any of those previously given. The Court sustained a demurrer to this defense on the ground that the duty of making annual settlements with the county treasurer and of having same witnessed and his accounts checked and verified by the officers named was imposed by law for the protection of the public, and was therefore a duty to the public, and not to the sureties on his official bond, who could take no advantage of the failure to perform it.

The grounds of appeal—fourteen in number—allege only three errors, to wit: 1. In sustaining the demurrer to the special defense interposed by the sureties; 2. In refusing to charge that the State was bound to prove that the shortage occurred during Edwards' last term of office, that is, the term upon which he was entering when the bond sued on was given; 3. In refusing to allow Edwards to examine the abstracts of the tax duplicates furnished him by the county auditor and point out alleged errors, discrepancies and mistakes therein, notwithstanding he had signed a receipt to the auditor for them in which he stated that he had "compared the treasurer's duplicate with the county auditor's duplicate, page by page; that the two books are properly added and proved, and that the tax and assessment are entered on both books."

The failure of the public officials to make the annual settlements in the manner prescribed by the statute (1 Code, 1902, sec. 431 *et seq.*) cannot avail the defendant sureties.

The principle is clearly and tersely stated in *Board of Supervisors* v. *Otis,* 62 N. Y. 95, where the Court said: "There is no good reason why the public, having exacted surety from one official for the faithful discharge of his duties, should be held by implication to have guaranteed to those sureties the faithful discharge, by other public agents and officials of other duties having an incidental or collateral relation to the duties of the principal.   See, also, *Minturn* v. *United States,* 106 U. S. 437, 27 L. ed. 208; *R. R. Co.* v. *Kasey,* 30 Gratt. 218.

The Court correctly charged: "When an officer has held his office for two or more successive terms, and suit is brought on the last bond, it will be presumed that the default occurred during the last term, unless the sureties can prove that, as a matter of fact, the principal had been guilty of a defalcation prior to the execution of the bond sued on."   The presumption is that, when the new bond was given and the new term of office entered upon, the officer had in his hands all the money which he ought to have had at the beginning of the term covered by the new bond. In Murfree on Official Bonds, sec. 219, the rule is thus stated: "When an officer is reappointed and gives a new bond, he is presumed to have on hand all money which his accounts show to be due to the government, consequently, his sureties on his new bond become immediately liable for the amount, and if they allege that no such amount was then on hand, it is incumbent on them to show that the funds with which their principal then stood charged, had been converted by him during the currency of his first bond.   They are not, of course, liable for the default of their principal, committed before the execution of their bond, but the *onus* is upon them to show that it was so committed, for every officer is presumed to have done his duty, until the contrary is proved;

and as it is the duty of an officer to have on hand balances charged to him in his official accounts, he is presumed to have such funds in hand." See, also, *Sumter* v. *Lewis,* 10 Rich. 171; *State* v. *Moses,* 18 S. C. 372; *State* v. *Sandifer,* 68 S. C. 210, 46 S. E. 1006; 29 Cyc. 1458, 1469, and cases cited.

As to the last ground, we think the statute (1 Code, 1902, sec. 431) is conclusive. It provides that, after the treasurer has receipted the auditor for his duplicate, he shall be charged with the taxes, assessments and penalties charged thereon, except such as may be put on the delinquent list, and that only the following causes shall be assigned by the treasurer on the delinquent list for not collecting any tax, assessment or penalty: 1. Sheriff's return of *nulla bona;* 2. That property was found, but, for want of bidders, was sold and conveyed to the sinking fund commission by the sheriff, pursuant to law; 3. Execution issued and in the hands of the sheriff; 4. That such taxes, assessments and penalties were enjoined by a competent Court. No attempt was made to show failure to collect any item with which the treasurer was charged in his duplicate for any of said causes. There is no denial of the testimony of the expert accountants, Wilson and Wise, that Edwards got credit in the accounting for all such items. On the contrary, the record states that "the entries on all settlement sheets were checked up before the jury and found to be correct and to correspond with the books."

Affirmed.